# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
S.        DIV.

2001 NOV 26  AM 9: 13

CLERK_____ B. West
S.D.T.    OF GA.

| | |
|---|---|
| LAURIE ABBOTT, FRED WILLIAMS, and | * |
| FRED WILLIAMS HOMEBUILDERS, INC. | * |
| | * |
|     Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| | * |
| CITY OF POOLER, EARL L. CARTER, | * |
| WAYNE D. SEAY, TRAVIS COWART, JR., | * |
| J. ROBERT BRYAN, BILLIE L. TYLER, | * |
| SONNY DEFILIPPIS, and STEVE E. | * |
| WALL, JR., | * |
| | * |
|     Defendants. | * |

CIVIL ACTION NUMBER:

**CV401-272**

## COMPLAINT

1.

Plaintiff, Laurie Abbott, is a resident of the State of Georgia.

2.

Plaintiff, Fred Williams, is a resident of the State of Georgia.

3.

Plaintiff, Fred Williams Homebuilders, Inc. is a Georgia corporation.

4.

Defendant, City of Pooler, is a political subdivision of the state of Georgia.

5.

Defendant, City of Pooler, is located within Chatham County, Georgia.

159532 1

6.

Defendant, Earl L. Carter, resides at 406 Purple Finch Drive, Pooler, Georgia 31322.

7.

Defendant, Wayne D. Seay, resides at 120 N. Newton Street, Pooler, Georgia 31322.

8.

Defendant, Travis Cowart, Jr., resides at 118 Claxton Road, Pooler, Georgia 31322.

9.

Defendant, J. Robert Bryan, resides at 417 Durden Drive, Pooler, Georgia 31322.

10.

Defendant, Billie L. Tyler, resides at 515 Gleason Avenue, Pooler, Georgia 31322.

11.

Defendant, Sonny DeFilippis, resides at 506 Cliff Drive, Pooler, Georgia 31322.

12.

Defendant, Steve E. Wall, Jr., resides at 305 Cardinal Street, Pooler, Georgia 31322.

13.

The Plaintiffs described in Paragraphs 1-3 are collectively referred to hereafter as "Plaintiffs." The Defendants described in Paragraphs 4-12 are collectively referred to hereafter as "Defendants."

14.

Defendants are subject to the jurisdiction of this court, and venue in this court is proper.

15.

Defendants may be served pursuant to the provisions of O.C.G.A. § 9-11-4 or O.C.G.A. §

36-1-5.

16.

Defendants are subject to suit pursuant to provisions of the Constitution of the United States of America, the Constitution of the State of Georgia, O.C.G.A. § 36-1-3, O.C.G.A. § 36-7-1 *et seq.*, and other statutory and case law of the State of Georgia.

17.

Defendant City of Pooler maintains, as separate and distinct departments, an Inspection Department and a Zoning Department.

18.

Defendant City of Pooler's Inspection Department is primarily charged with building permitting and inspection activities.

19.

Defendant City of Pooler's Zoning Department is charged with proposing and advising on zoning requests and enforcing zoning regulations.

20.

At a regularly Scheduled Council Meeting of Defendant City of Pooler, the Defendants adopted new fees for the issuance of building permits and other fees related to real estate development. The new fees which reflect a department-wide increase in fees represent a significant increase in the fees from the previous year.

21.

At a regularly Scheduled Council Meeting of Defendant City of Pooler, the Defendants adopted a new fee of $1,200 (one thousand two hundred dollars) per approved building permit to

159532 1

be assessed to fund future construction and expansion of Defendant City of Pooler's sewer treatment facility. Such fee was not previously imposed by the Defendant City of Pooler.

22.

On March 19, 2001, at a regularly Scheduled Council Meeting of Defendant City of Pooler, Defendants adopted a new fee of $1,500 (one thousand five hundred dollars) per approved building permit to be assessed to fund future treatment of effluent waste.

23.

Defendant City of Pooler has applied a zoning ordinance which restricts apartment density to the following square footages: efficiency apartment - 1,500 square feet; one bedroom apartment - 2,000 square feet; two bedroom apartment 2,500 square feet; three bedroom apartment - 3,000 square feet.

24.

Defendant City of Pooler has proscribed the minimum lot size for similarly categorized one-family residential construction to ten thousand five hundred square feet.

25.

Throughout the rest of Chatham County, lot sizes for one-family residences of six thousand square feet are permitted.

26.

Defendant City of Pooler has enacted construction and construction related requirements which exceed the minimum acceptable industry standards for construction.

27.

Defendant City of Pooler has subjected buildings constructed and under construction by

159532 1

Plaintiff Fred Williams to higher levels of scrutiny during inspection than buildings constructed and under construction by other builders.

28.

Defendant City of Pooler's current zoning of land for multi-unit dwellings has prevented Plaintiff Laurie Abbott from developing property owned by Plaintiff Abbott within Pooler's city limits as apartments with unit sizes below 2,000 square feet.

29.

The zoning requirements, fees and inspection procedures described in paragraphs 20 through 28 were implemented and are maintained as part of a concerted effort on behalf of Defendant to deny housing opportunities to black home buyers and to dissuade or prevent the building of affordable housing which may be sold or rented to black home renters or home buyers.

30.

The fees, described in Paragraphs 20, 21, and 22 of this Complaint, unreasonably exceed the cost of the services for which the fees were adopted.

31.

The fees, described in Paragraphs 20, 21, and 22 of the Complaint, are not rationally related to the cost of the services being provided.

32.

The effect of the facts alleged contained in paragraphs 20 through 31 have had a disparate impact on the population of African-Americans within the City of Pooler.

159532.1

33.

Plaintiff has complied with the requirements of O.C.G.A. § 36-11-1 by the letter dated September 13, 2001, from counsel for the Plaintiff, George Boyd, Jr., attached hereto as Exhibit "A" and by the filing of this lawsuit.  Defendant City of Pooler has received the letter attached as Exhibit "A" and responded to it by denying liability.  Their letter dated September 26, 2001 is attached as Exhibit "B".

## Count One

## Constitution of the United States of America - Deprivation of Property

## Without Due Process of Law

34.

Paragraphs 1 through 33 above are realleged in their entirety.

35.

The fees, described in Paragraphs 20, 21, and 22, unreasonably exceed the true cost of the regulatory services for which they are charged and are not rationally related to the cost of the services being provided, and thus constitute an unconstitutional deprivation of property without Due Process of Law by Defendant.

## Count Two

## Constitution of the State of Georgia - Deprivation of Property

## Without Due Process of Law

36.

Paragraphs 1 through 35 above are realleged in their entirety.

159532 1

37.

The fees, described in Paragraphs 20, 21, and 22, are not rationally related to the cost of the services being provided, and thus constitute an unconstitutional deprivation of property without Due Process of Law by Defendant.

## Count Three

## Constitution of the State of Georgia– Taxation Without Constitutional Authority

38.

Paragraphs 1 through 37 are hereby realleged in their entirety.

39.

The fees, described in Paragraphs 20, 21, and 22, have been implemented in part for the purpose of producing revenue for general use by Defendant City of Pooler.

40.

The imposition of the fees, described in Paragraphs 20, 21, and 22, at a level in excess of the reasonable cost of the service provided is an attempt to exercise the power of taxation without a conferral of authority from the Constitution or the General Assembly.

## Count Four

## Violation of O.C.G.A. § 48-13-9

41.

Paragraphs 1 through 40 above are realleged in their entirety.

42.

The fees, described in Paragraphs 20, 21, and 22, are regulatory fees that have been adopted by defendant for the purpose of raising revenue for general use by Defendant City of

159532 1

Pooler.

43.

The fees, described in Paragraphs 20, 21, and 22, are regulatory fees which unreasonably exceed the true cost of the actual regulatory activity performed by the Defendant.

44.

The fees, described in Paragraphs 20, 21, and 22, are unauthorized fees which are violative of O.C.G.A. § 48-13-9.

**Count Five**

**Violation of the Georgia Development Impact Fee Act**

45.

Paragraphs 1 through 44 above are realleged in their entirety.

46.

Plaintiff alleges in the alternative that the fees, described in Paragraphs 20, 21, and 22, have been imposed as a condition precedent for approval of new development and for the purpose of paying for system improvements needed to serve new growth and development.

47.

The fees, described in Paragraphs 20, 21, and 22, are development impact fees as defined by O.C.G.A. §36-71-2.

48.

Defendant has not complied with the requirements for the imposition of development impact fees as required by O.C.G.A. § 36-71-1 *et seq*

159532 1

49.

The fees, described in Paragraphs 20, 21, and 22, are not authorized by Georgia law and are, therefore, illegal enactments.

## Count Six

## Constitution of the United States of America - Violation of Equal Protection

50.

Paragraphs 1 through 49 are realleged in their entirety.

51.

The Defendant's imposition of zoning regulations for the purpose of discouraging African-Americans from purchasing housing within the City of Pooler violates the equal protection requirements under the Constitution of the United States of America.

52.

The imposition of excessive fees for the purpose of precluding affordable housing and/or discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the United States of America.

53.

The application of excessive building requirements and standards for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the United States of America.

54.

The imposition of unusually high scrutiny to Plaintiff Williams' construction projects for

159532 1

the purpose of discouraging Plaintiff Williams from marketing or selling houses he builds to African-Americans violates the Equal Protection requirements under the Constitution of the United States of America.

## Count Seven

### Constitution of the State of Georgia - Violation of Equal Protection

55.

Paragraphs 1 through 54 are realleged in their entirety.

56.

The Defendant's imposition of zoning regulations for the purpose of discouraging African-Americans from purchasing housing within the City of Pooler violates the equal protection requirements under the Constitution of the State of Georgia.

57.

The imposition of excessive fees for the purpose of precluding affordable housing and/or discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the State of Georgia.

58.

The application of excessive building requirements and standards for the purpose of precluding affordable housing and/or discouraging African-Americans from purchasing housing within the City of Pooler violates equal protection requirements under the Constitution of the State of Georgia.

59.

The imposition of unusually high scrutiny to Plaintiff Williams' construction projects for

159532.1

the purpose of discouraging Plaintiff Williams from marketing or selling houses he builds to African-Americans violates the Equal Protection requirements under the Constitution of the State of Georgia.

### Count Eight

### Constitution of United State of America - Arbitrary and Capricious Action

60.

Paragraphs 1 through 59 are realleged in their entirety.

61.

Defendant's imposition of zoning regulations for efficiency apartments requiring a minimum square footage of 1,500 square feet is an arbitrary and capricious exercise of Defendant's police power.

62.

Defendant's imposition of zoning regulations for one bedroom apartments requiring a minimum square footage of 2,000 square feet is an arbitrary and capricious exercise of Defendant's police power.

63.

Defendant's imposition of zoning regulations for two bedroom apartments requiring a minimum square footage of 2,500 square feet is an arbitrary and capricious exercise of Defendant's police power.

64.

Defendant's imposition of zoning regulations for three bedroom apartments requiring a minimum square footage of 3,000 square feet is an arbitrary and capricious exercise of

159532.1

Defendant's police power.

65.

Defendant's imposition of zoning regulations for one-family residential construction requiring a minimum lot size of ten thousand five hundred square feet is an arbitrary and capricious exercise of Defendant's police power.

66.

*Defendant's imposition of construction standards and other construction related* requirements which exceed the minimum acceptable industry standards for construction is an arbitrary and capricious exercise of Defendant's police power.

## Count Nine

## Violation of Fair Housing Act

67.

Paragraphs 1 through 66 above are realleged in their entirety.

68.

Defendant's imposition of zoning regulations for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

69.

The imposition of excessive fees for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

159532 1

70.

The application of excessive building requirements and standards for the purpose of precluding affordable housing and discouraging African-Americans from purchasing housing within the City of Pooler violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

71.

The imposition of unusually high scrutiny to Plaintiff Williams' construction projects for the purpose of precluding affordable housing and discouraging Plaintiff Williams from marketing or selling houses he builds to African-Americans violates 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act).

WHEREFORE, Plaintiff prays for the following:

A.   That service of process issue forthwith against Defendants;

B.   That Defendant City of Pooler be immediately and permanently enjoined from collecting any building permit fees or inspection fees that exceed the true cost of the services provided;

C.   That Defendants be immediately and permanently enjoined from applying particular scrutiny to Plaintiff Williams' building projects;

D.   That Defendants be immediately and permanently enjoined from violating 42 U.S.C.A. 3601 *et seq.* (commonly known as the Fair Housing Act);

E.   That Defendant City of Pooler be immediately enjoined from enforcement of the fees for the issuance of building permits and for other fees related to real estate development complained of herein;

159532 1

F.    That Defendant City of Pooler be immediately and permanently enjoined from collecting any development enactments complained of herein;

G.    That Defendant City of Pooler be immediately and permanently enjoined from collecting any development impact fee prior to complying with the provisions of O.C.G.A. § 36-71-1 *et seq.*;

H.    That Defendant City of Pooler refund all funds unlawfully collected by it;

I.    That the costs of this action be taxed against the Defendants;

J.    That Plaintiffs be awarded attorneys fees and the costs associated with bringing this action;

K.    For a trial by jury; and

L.    For any other relief which this Court deems just and proper.

Respectfully Submitted this 21st day of November , 2001.

Attorneys for Plaintiff

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: _____
     Rebecca J. Miller
     Ga. Bar No.: 508173

1043 Third Avenue
P. O. Box 1199
Columbus, Georgia 31902
(706) 324-0251

159532 1

CASE:       5:01-cv-00091
DOCUMENT: 12
DATE:       11/27/01

CLERK:      kts

ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2001 NOV 26  PM 12: 54

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No.: CV 501-91 |
| | ) | |
| 2000 Jaguar Vanden Plas | ) | |
| VIN: SAJDA24C6YLF20524 | ) | |
| Defendants. | ) | |

## CLAIM OF OWNERSHIP

TO:   Office of the Clerk
       United States District Court for the Southern District of Georgia
       125 Bull Street
       Savannah, Georgia 31401

RE:   Asset:              2000 Jaguar Vanden Plas
       VIN:                SAJDA24C6YLF20524

Claimant, Sonja Coyle, shows that she is the owner of the above referenced property, one 2000 Jaguar Vanden Plas, VIN: SAJDA24C6YLF20524

Claimant shows that said vehicle was not acquired with funds that were used, or acquired, as a result of any criminal offense, that said vehicle was seized without legal cause, and that claimant is lawfully entitled to the immediate possession of the same.

Claimant herein files its claim.

_____
Sonja Coyle

12

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.· CV 501-91 |
| | ) | |
| 2000 Jaguar Vanden Plas | ) | |
| VIN: SAJDA24C6YLF20524 | ) | |
| Defendants. | ) | |

## **CLAIM OF OWNERSHIP**

TO:   Office of the Clerk
      United States District Court for the Southern District of Georgia
      125 Bull Street
      Savannah, Georgia 31401

RE:   Asset:              2000 Jaguar Vanden Plas
      VIN:                SAJDA24C6YLF20524

## **VERIFICATION**

PERSONALLY, before the undersigned officer authorized by law to administer oaths,

came and appeared, SONJA COYLE, who, after having been duly sworn, deposes and says that

the facts contained in the within and foregoing CLAIM OF OWNERSHIP are true and correct of

the best of its knowledge.

This _23rd_ day of November, 2001.

_____
SONJA COYLE

Sworn to and subscribed before me
this 23rd day of November 2001.

_____
NOTARY PUBLIC

Notary Public, Glynn County, Georgia
My Commission Expires April 1, 2002.

## CERTIFICATE OF SERVICE

State of Georgia
County of Chatham

I hereby certify that I have this date served a copy of the within and foregoing CLAIM
OF OWNERSHIP

James L. Coursey, Jr., Esquire
Assistant United States Attorney
P.O. Box 8970
Savannah, Georgia 31412

as follows:

_____by depositing same in the United State Mail in an
envelope with sufficient postage affixed theron to ensure proper delivery.

This 26ᵗʰ day of _November_, 2001.

Newell M. Hamilton, Jr.
2225 Gloucester Street          Attorney for Claimant
Brunswick, Ga 31520             Georgia Bar No. 320905
(912) 265-9114

CASE:       5:01-cv-00093
DOCUMENT:   11
DATE:       11/27/01

CLERK:      kts

# ORIGINAL

FILED
U.S. DISTRICT COURT
S  ... AH DIV.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA 26  PM 12: 55
WAYCROSS DIVISION

CLERK____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No.: CV 501-93 |
| | ) |
| UNITED SATES CURRENCY | ) |
| TOTALING $89,587.03 (seized from | ) |
| Prosperity Bank, St. Augustine, Florida, | ) |
| Account No.:4002319108); | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES CURRENCY | ) |
| TOTALING $7,300.24 (seized from | ) |
| First National Bank of Nassau County, | ) |
| Fernandina Beach, Florida, | ) |
| Account No. 4007371, | ) |
| | ) |
| Defendants | ) |

## CLAIM OF OWNERSHIP

TO:   Office of the Clerk
      United States District Court for the Southern District of Georgia
      125 Bull Street
      Savannah, Georgia 31401

RE:   Asset:                  $89,587.03
      Account Number:         4002319108
      Financial Institution   Prosperity Bank

      Asset:                  $7,300.24
      Account No.:            4007371
      Financial Institution   First National Bank of Nassau County

Claimant, Sonja Coyle, shows that she is the owner of the above referenced property, $89,587.03 and $7,300.24.

Claimant shows that the funds has never been used, or acquired, as a result of any criminal offense, that is was seized without legal cause, and that claimant is lawfully entitled to the immediate possession of the same.

Claimant herein files its claim

Sonja Coyle

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,            )
                                     )
          Plaintiff,                 )
                                     )
vs.                                  )        Civil Action No.: CV 501-93
                                     )
UNITED SATES CURRENCY                )
TOTALING $89,587.03 (seized from     )
Prosperity Bank, St. Augustine, Florida, )
Account No.:4002319108);             )
                                     )
and                                  )
                                     )
UNITED STATES CURRENCY               )
TOTALING $7,300.24 (seized from      )
First National Bank of Nassau County, )
Fernandina Beach, Florida,           )
Account No.: 4007371,                )
                                     )
          Defendants.                )

STATE OF GEORGIA
COUNTY OF CHATHAM

### **VERIFICATION**

PERSONALLY, before the undersigned officer authorized by law to administer oaths,

came and appeared, SONJA COYLE, who, after having been duly sworn, deposes and says that

the facts contained in the within and foregoing CLAIM OF OWNERSHIP are true and correct of

the best of its knowledge.

This **28** day of November, 2001.

_____
SONJA COYLE

Sworn to and subscribed before me
this 23 day of November 2001

_____
NOTARY PUBLIC

Notary Public, Glynn County, Georgia
My Commission Expires April 1, 2002.

## CERTIFICATE OF SERVICE

State of Georgia
County of Chatham

I hereby certify that I have this date served a copy of the within and foregoing CLAIM OF OWNERSHIP

James L. Coursey, Jr., Esquire
Assistant United States Attorney
P.O. Box 8970
Savannah, Georgia 31412

as follows:

_____ by depositing same in the United State Mail in an envelope with sufficient postage affixed theron to ensure proper delivery.

This _26ᵗʰ_ day of _November_, 2001.

2225 Gloucester Street
Brunswick, Ga 31520
(912) 265-9114

Newell M. Hamilton, Jr.
Attorney for Claimant
Georgia Bar No. 320905