# ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LAURIE ABBOTT, FRED WILLIAMS and FRED WILLIAMS HOMEBUILDERS, INC., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV401-272 |
| | ) | |
| THE CITY OF POOLER, GA, EARL L. CARTER, WAYNE D. SEAY, TRAVIS COWART, JR., J. ROBERT BRYAN, BILLIE L. TYLER, SONNY DEFILIPPIS, and STEVE E. WALL, JR., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS

COME NOW The City of Pooler, Georgia, Earl L. Carter, Wayne D. Seay, Travis Cowart, Jr., J. Robert Bryan, Billie L. Tyler, Sonny Defilippis and Steve E. Wall, Jr., Defendants herein, and file this Answer to Plaintiffs' Complaint, as amended, showing this Honorable Court the following:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against the Defendants upon which relief may be granted and should be dismissed.

### SECOND DEFENSE

Plaintiffs lack standing to bring some or all of the claims

asserted.

### THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part by a prior pending action.

### FOURTH DEFENSE

Plaintiffs' Complaint is barred in whole or in part by the applicable statutes of limitation.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### SEVENTH DEFENSE

Defendants are not liable to Plaintiffs because their actions were made in good faith, were reasonable under the circumstances, and were in accordance with the law.

### EIGHTH DEFENSE

Plaintiffs' claims against Defendants Earl L. Carter, Wayne D. Seay, Travis Cowart, Jr., J. Robert Bryan, Billie L. Tyler, Sonny Defilippis and Steve E. Wall, Jr. are barred by the doctrines of official and legislative immunity.

-2-

### NINTH DEFENSE

Defendants are not liable to Plaintiffs because they are not guilty of any wilful, wanton, malicious or intentional misconduct.

### TENTH DEFENSE

The City is immune from liability for actions taken in the performance of its legislative and governmental functions.

### ELEVENTH DEFENSE

Defendants are not liable to Plaintiffs because Plaintiffs' damages, if any, were not proximately caused by any act of Defendants.

### TWELFTH DEFENSE

Defendants are not liable to Plaintiffs because any alleged injuries and damages sustained by Plaintiffs were directly and proximately caused by forces, economic and otherwise, other than those over which the Defendants exercised control.

### THIRTEENTH DEFENSE

Defendants are not liable to Plaintiffs because Plaintiffs' Fair Housing Rights have not been deprived or violated in any manner whatsoever by the Defendants.

### FOURTEENTH DEFENSE

Some or all of Plaintiffs' state law claims are barred for failure to provide proper ante litem notice.

## FIFTEENTH DEFENSE

Punitive damages cannot be awarded against the City of Pooler as a matter of law.

## SIXTEENTH DEFENSE

There is no basis in fact or in law for an award of punitive damages against Defendants Earl L. Carter, Wayne D. Seay, Travis Cowart, Jr., J. Robert Bryan, Billie L. Tyler, Sonny Defilippis and Steve E. Wall, Jr.

## SEVENTEENTH DEFENSE

There is no corporation registered with the Secretary of State of Georgia with the name "Fred Williams Homebuilders, Inc.", therefore, the Plaintiff designated by this name lacks legal authority to bring this lawsuit.

## EIGHTEENTH DEFENSE

Specifically responding to the enumerated paragraphs of Plaintiffs' Complaint, the City shows the Court as follows:

1.     Upon information and belief, Defendants admit the allegations of paragraph 1 of Plaintiffs' Complaint.

2.     Upon information and belief, Defendants admit the allegations of paragraph 2 of Plaintiffs' Complaint.

3.     Defendants deny the allegations of paragraph 3 of Plaintiffs' Complaint.

-4-

4.   Defendants admit the allegations of paragraph 4 of Plaintiffs' Complaint.

5.   Defendants admit the allegations of paragraph 5 of Plaintiffs' Complaint.

6.   Defendants admit the allegations of paragraph 6 of Plaintiffs' Complaint.

7.   Defendants admit the allegations of paragraph 7 of Plaintiffs' Complaint.

8.   Defendants admit the allegations of paragraph 8 of Plaintiffs' Complaint.

9.   Defendants deny the allegations of paragraph 9 of Plaintiffs' Complaint.

10.  Defendants admit the allegations of paragraph 10 of Plaintiffs' Complaint.

11.  Defendants admit the allegations of paragraph 11 of Plaintiffs' Complaint.

12.  Defendants admit the allegations of paragraph 12 of Plaintiffs' Complaint.

13.  Paragraph 13 of Plaintiffs' Complaint requires no response.

14.  Defendants admit the allegations of paragraph 14 of Plaintiffs' Complaint.

15. Defendants are without sufficient information or knowledge upon which to admit or deny the allegations of paragraph 15 of Plaintiffs' Complaint.

16. Subject to and without waiving the affirmative defenses stated in this answer, Defendants are without sufficient information or knowledge upon which to admit or deny the allegations of paragraph 16 of Plaintiffs' Complaint.

17. Defendants admit the allegations of paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit the allegations of paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny the allegations of paragraph 17 of Plaintiffs' Complaint as pled.

20. In response to paragraph 20 of Plaintiffs' Complaint, Defendants admit only that new fees have at certain times been adopted. The remaining allegations of paragraph 20 of Plaintiffs' Complaint are denied.

21. In response to paragraph 21 of Plaintiffs' Complaint, Defendants admit only that the City adopted a fee of $4.00 per gallon based on Equivalent Residential Units (ERU). Such fees were imposed for construction and expansion of the City's sewer treatment facility and had not previously been imposed when

-6-

adopted.

22.   Defendants deny the allegations of paragraph 22 of Plaintiffs' Complaint.

23.   Defendants deny the allegations of paragraph 23 of Plaintiffs' Complaint.

24.   In response to response to paragraph 24 of Plaintiffs' Complaint, Defendants admit only that the minimum square footage for a lot in single family residential (R-1A) is 10,500.

25.   Defendants are without sufficient information or knowledge upon which to admit or deny the allegations of paragraph 25 of Plaintiffs' Complaint.

26.   Defendants deny the allegations of paragraph 26 of Plaintiffs' Complaint.

27.   Defendants deny the allegations of paragraph 27 of Plaintiffs' Complaint.

28.   Defendants deny the allegations of paragraph 28 of Plaintiffs' Complaint.

29.   Defendants deny the allegations of paragraph 29 of Plaintiffs' Complaint.

30.   Defendants deny the allegations of paragraph 30 of Plaintiffs' Complaint.

31.   Defendants deny the allegations of paragraph 31 of Plaintiffs' Complaint.

32.   Defendants deny the allegations of paragraph 32 of Plaintiffs' Complaint.

33.   In response to paragraph 33 of Plaintiffs' Complaint, the City of Pooler admits only that it has received a letter purporting to be an ante litem notice letter. Defendants deny that there are Exhibits "A" and "B" attached to the Complaint and deny the remaining allegations of paragraph 33 of Plaintiffs' Complaint.

## COUNT ONE

34.   Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 33 of Plaintiffs' Complaint as if set out verbatim.

35.   Defendants deny the allegations of paragraph 35 of Plaintiffs' Complaint.

## COUNT TWO

36.   Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 35 of Plaintiffs' Complaint as if set out verbatim.

37.   Defendants deny the allegations of paragraph 37 of Plaintiffs' Complaint.

## COUNT THREE

38.   Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 38 of Plaintiffs' Complaint as if set out verbatim.

39.   Defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint.

40.   Defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint.

## COUNT FOUR

41.   Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 40 of Plaintiffs' Complaint as if set out verbatim.

42.   Defendants deny the allegations of paragraph 42 of Plaintiffs' Complaint.

43.   Defendants deny the allegations of paragraph 43 of Plaintiffs' Complaint.

44.   Defendants deny the allegations of paragraph 44 of Plaintiffs' Complaint.

## COUNT FIVE

45.   Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 44 of Plaintiffs' Complaint as if set out verbatim.

46.   Defendants deny the allegations of paragraph 46 of Plaintiffs' Complaint.

47.   Defendants deny the allegations of paragraph 47 of Plaintiffs' Complaint.

48.   In response to paragraph 48 of Plaintiffs' Complaint, Defendants deny that it is necessary for them to comply with the requirements for the imposition of development impact fees as required by O.C.G.A. §36-71-1.

49.   Defendants deny the allegations of paragraph 49 of Plaintiffs' Complaint.

## COUNT SIX

50.   Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 49 of Plaintiffs' Complaint as if set out verbatim.

51.   Defendants deny the allegations of paragraph 51 of Plaintiffs' Complaint.

52.   Defendants deny the allegations of paragraph 52 of Plaintiffs' Complaint.

53.   Defendants deny the allegations of paragraph 53 of Plaintiffs' Complaint.

54.   Defendants deny the allegations of paragraph 54 of Plaintiffs' Complaint.

**COUNT SEVEN**

55.  Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 54 of Plaintiffs' Complaint as if set out verbatim.

56.  Defendants deny the allegations of paragraph 56 of Plaintiffs' Complaint.

57.  Defendants deny the allegations of paragraph 57 of Plaintiffs' Complaint.

58.  Defendants deny the allegations of paragraph 58 of Plaintiffs' Complaint.

59.  Defendants deny the allegations of paragraph 59 of Plaintiffs' Complaint.

**COUNT EIGHT**

60.  Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 60 of Plaintiffs' Complaint as if set out verbatim.

61.  Defendants deny the allegations of paragraph 61 of Plaintiffs' Complaint.

62.  Defendants deny the allegations of paragraph 62 of Plaintiffs' Complaint.

63.  Defendants deny the allegations of paragraph 63 of Plaintiffs' Complaint.

64.  Defendants deny the allegations of paragraph 64 of Plaintiffs' Complaint.

65.  Defendants deny the allegations of paragraph 65 of Plaintiffs' Complaint.

66.  Defendants deny the allegations of paragraph 66 of Plaintiffs' Complaint.

<u>COUNT NINE</u>

67.  Defendants reallege and incorporate their responses to the allegations of paragraphs 1 through 66 of Plaintiffs' Complaint as if set out verbatim.

68.  Defendants deny the allegations of paragraph 68 of Plaintiffs' Complaint.

69.  Defendants deny the allegations of paragraph 69 of Plaintiffs' Complaint.

70.  Defendants deny the allegations of paragraph 70 of Plaintiffs' Complaint.

71.  Defendants deny the allegations of paragraph 71 of Plaintiffs' Complaint.

72.  Defendants deny any allegations of Plaintiffs' Complaint not specifically admitted above.

WHEREFORE, Defendants prays that Plaintiffs' Complaint be dismissed and that all costs of this action be cast against

Plaintiffs.

This _____12_____ day of March, 2002.

OLIVER MANER & GRAY LLP

_____
PATRICK T. O'CONNOR
Georgia State Bar No. 548425
PAUL H. THRELKELD
Georgia State Bar No. 710731

Post Office Box 10186          Attorney for Defendants
Savannah, GA 31412
(912) 236-3311

I \Wpfile\BSMITH\PLEADING\Pooler\Abbott\answer amd cpt wpd

-13-

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
LAURIE ABBOTT, FRED WILLIAMS      )
and FRED WILLIAMS HOMEBUILDERS,   )
INC.,                             )
                                  )
        Plaintiffs,               )
                                  )
    vs.                           )   Civil Action No. CV401-263
                                  )
THE CITY OF POOLER, GA, EARL L.   )
CARTER, WAYNE D. SEAY, TRAVIS     )
COWART, JR., J. ROBERT BRYAN,     )
BILLIE L. TYLER, SONNY            )
DEFILIPPIS, and STEVE E.          )
WALL, JR.,                        )
                                  )
        Defendants.               )
```

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of Defendant's Answer upon counsel of record, by U. S. Mail with adequate postage affixed thereto as follows:

> Deron R. Hicks, Esquire
> Page, Scrantom, Sprouse, Tucker & Ford, P.C.
> Post Office Box 1199
> Columbus, GA 31902

This ___12___ day of March, 2002.

OLIVER MANER & GRAY LLP

_____
PATRICK T. O'CONNOR
State Bar No. 548425

Attorney for Defendant

P.O. Box 10186
Savannah, GA 31412
(912) 236-3311